# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINES,

    Plaintiff,
 v.

O.W. BUNKER USA INC., and
KELLY BEAUDIN STAPLETON,
LIQUIDATING TRUSTEE OF THE OWB
USA LIQUIDATING TRUST,

    Defendants.

Civil Action No.
3: 17 - CV - 1327 (CSH)

AUGUST 21, 2017

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

The Court's Order dated August 16, 2017 [Doc. 10] directed counsel for Defendants to enter their appearances forthwith, and directed Defendants to respond to Plaintiff's Emergency Motion [Doc. 2] on or before August 25, 2017. Defendants' counsel appeared separately on August 16 and 17 (Enright, Wright and O'Connor). [Docs. 11, 12 and 13]. Also on August 17, Defendant Liquidating Trustee served claim submissions upon Plaintiff in the London arbitration that Defendant seeks to commence against Plaintiff. Plaintiff denies that, in the circumstances of the case, it is bound to participate in that London arbitration.

Plaintiff's complaint [Doc. 1] in this action seeks, *inter alia*, a declaratory judgment granting a stay of or injunction against the London arbitration. Plaintiff's initial Emergency Motion [Doc. 2] did not pray for preliminary injunctive relief in the form of a temporary restraining order ("TRO"). However, galvanized by the Liquidating Trustee's August 17 service of claim submissions in the

intended London arbitration, counsel for Plaintiff filed on August 18 a further Emergency Motion [Doc. 15] which, this time, prays for a TRO or preliminary injunction staying any further proceedings in the London arbitration until the Court has adjudicated Plaintiff's initial Emergency Motion.

The Court may issue a TRO "without written or oral notice to the adverse party or its attorney" only in circumstances which are not present in this case. Fed. R. Civ. P. 65(b)(1). In point of fact, by e-mail at 3:40 p.m. on August 18, counsel for Plaintiff gave counsel for Defendants notice that Plaintiff would file later that day "a TRO enjoining the London arbitration that your clients are pursuing against my client, until the District Court rules on the emergency motion to stay the arbitration that my client previously filed in the action." [Doc. 15-3]. Filing of Plaintiff's further Emergency Motion took place later that afternoon.[1]

In these circumstances, and given the exigencies of the case, the Court makes this Order:

1. On or before **4:00 p.m**. on **August 22, 2017**, Defendants must file a submission which either (a) expresses Defendants' agreement to a stay of further proceedings in the London arbitration until this Court decides Plaintiff's Emergency Motion [Doc. 2], after appeals, if any; or (b) states the reasons and authorities why the Court should not enter a TRO in the form prayed for by the Plaintiff. If Defendants opt for procedure (b), Plaintiff may file a reply to Defendants' objection to a TRO by **noon** on **August 23.** The Court will adjudicate the motion for a TRO after considering those submissions.

---

[1] Having appeared in this action, counsel for Defendants also received immediate electronic notice of the August 18 Emergency Motion [Doc. 15], when Plaintiff filed it at 4:29 p.m., via the Court's CM/ECF system.

2. If Defendants opt for procedure 1(b), they are directed to file any further objections to Plaintiff's two Emergency Motions [Doc. 2, 15] on or before **August 25, 2017.** Plaintiff may file reply papers by **noon** on **August 29, 2017.** The Court will then conduct a hearing at **2:00 p.m.** on **August 29, 2017**, in the **17th floor Courtroom at 157 Church Street, New Haven**. The principal purpose of that hearing will be to consider whether the Court should enter a preliminary injunction in the form prayed for by the Plaintiff.

It is SO ORDERED.

Dated: New Haven, Connecticut
August 21, 2017

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge